UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cr-80141-RUIZ/REINHART

UNITED STATES OF AMERICA,

v.

EDGAR ARMANDO BENITEZ

      Defendant.
_____/

FILED BY ___KJZ___ D.C.

Dec 14, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING GOVERNMENT'S MOTION [DE 30]

This cause is before the Court on the Government's Motion for a Finding that the United States has a Sufficiently Important Government Interest Warranting Restoration of the Defendant's Competency and Order Directing the Bureau of Prisons to Prepare a Proposed Treatment Plan Involving Forced Medication ("Motion") [DE 30]. Defendant filed a response, [DE 31], and the Government filed a reply [DE 32]. On December 11, 2020, the Court held a hearing on the Motion via Zoom video teleconference ("VTC"). The Defendant appeared at the hearing via VTC from Butner FMC. Based on concerns related to the COVID-19 pandemic, Counsel for the Defendant waived his client's personal presence in Court and agreed to Defendant's appearance via VTC, which the parties and the Court agreed was in Defendant's best interest.

At the December 11, 2020 hearing, the Court heard argument by the Government regarding the first factor of *Sell v. United States*, 539 U.S. 166 (2003). It was the Government's position that BOP psychiatrists at FMC Butner first require a Court Order finding that the Government has a sufficient interest in prosecuting this Defendant before they will prepare a proposed "treatment plan" which includes their recommendation as to involuntary medication. The Government also

1

argues that the "treatment plan" is necessary for the Court's evaluation of the remaining *Sell* factors. Accordingly, the Government requests a finding that it has a sufficient interest in prosecuting this Defendant.

Defendant primarily argued that special circumstances existed, and that early indications suggested that BOP psychiatrists already determined that Defendant was not a candidate for involuntary medication.

At the conclusion of the December 11, 2020 hearing, the Court granted the Government's Motion. This written Order follows.

## Legal Framework

In *Sell*, the Supreme Court found that it was constitutionally permissible to administer antipsychotic medication to a mentally ill detainee in order to render him competent to stand trial if the United States shows by clear and convincing evidence: (1) the existence of "important governmental interests"; (2) that the "involuntary medication will significantly further those concomitant state interests"; (3) that the involuntary medication is "necessary" to further the important interests; and (4) that the administration of the medication is "medically appropriate, i.e., in the patient's best medical interest in light of his medical condition." *Id.* at 180–81(emphasis omitted).

As the Supreme Court noted, "[t]he Government's interest in bringing to trial an individual accused of a serious crime is important." *Sell*, 539 U.S. at 180. Thus, if a crime of which Defendant is accused is "serious," then the government's interest in prosecuting Defendant is "important." *United States v. Fuller*, 581 F. App'x 835, 836 (11th Cir. 2014). But the Government's interest in prosecuting those charged with serious crimes can be mitigated by special circumstances. *Sell*, 539

U.S. at 180 (providing an illustrative list of special circumstances that potentially lessen the government's interest in prosecuting an otherwise serious crime).

Neither the Supreme Court, nor the Eleventh Circuit, has provided the appropriate standard to apply when determining whether an offense is "serious." *See United States v. Rodriguez*, 281 F. Supp. 3d 1284, 1293 (S.D. Fla. 2017) (noting the lack of controlling case law). Courts in this District have frequently found that the best objective measure of the seriousness of the alleged crime is the maximum penalty authorized by statute. *Id.* The Court sees no reason to depart from this line of cases.

## Discussion and Order

As stated on the record at the December 11, 2020 hearing, both sides agree that regardless of the method by which the Court evaluates the seriousness of the offense charged, it is sufficiently serious under *Sell* to meet the first prong of the inquiry. Defendant's primary argument that the Government's Motion should be denied instead focused on the mitigating circumstances.

A court must also consider the facts of the individual case in evaluating the Government's interest in prosecution. *Sell*, 539 U.S. at 180. The Government's interest may be diminished under special circumstances, such as the possibility of civil commitment amounting to lengthy confinement which could "diminish the risks that ordinarily attach to freeing without punishment one who has committed a serious crime" or "the possibility that the defendant has already been confined for a significant amount of time (for which he would receive credit toward any sentence ultimately imposed ...)." *Id.*

The Court finds that there are no special circumstances at issue in this case and therefore the Government's interest in prosecuting Defendant is not undermined. There is no indication

whatsoever that Defendant is a candidate for civil commitment; instead, all sides agree that he is likely not a candidate because he currently poses no threat to himself or others.

The Court also finds that the length of Defendant's confinement is not so significant so as to constitute mitigating circumstances. Despite the COVID-19 pandemic, Defendant's case is proceeding appropriately and as expediently as possible given the circumstances. Moreover, Defendant has been confined since July 13, 2019, which is a period of less than one and one-half years. Given that Defendant is facing a maximum penalty of life imprisonment, the Court finds that the length of Defendant's confinement is not a special circumstance.

Accordingly, as stated on the record at the December 11, 2020 hearing, it is hereby **ORDERED** that:

1. The Court hereby **GRANTS** the Government's Motion [DE 30].

2. The Court **ORDERS** that BOP personnel at FMC Butner prepare a proposed treatment plan for Defendant Benitez which includes whether or not involuntary medication might be appropriate to restore the Defendant's competency under the last three prongs of *Sell*. This report shall be filed under seal on or before **January 12, 2021**.

The Government is directed to forthwith provide a copy of this Order to the Warden and other appropriate officials at FMC-Butner.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of December, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge